IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARRETT'S WORLDWIDE ENTERPRISES, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 14-2281-JTM |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' amended motion to stay discovery (Doc. 22).[1] For the reasons set forth below, the motion shall be GRANTED.

### Background[2]

Plaintiff Garrett's Worldwide Enterprises, LLC ("GWE") and its president, Eric Garrett, are engaged in the sales of consumer fireworks throughout the midwestern and southeastern United States. Through the Department of Transportation, the defendant Pipeline and Hazardous Materials Safety Administration ("PHMSA") regulates the transportation of explosive materials into and throughout the United States. Highly

---

[1] Defendants filed an earlier motion to stay (Doc. 10) on August 29, 2014. After that filing, the parties notified the court that they had reached an agreement to stay response to that motion (*see* Joint Motion, Doc. 13 and Scheduling Order, Doc. 14). On October 31, 2014, defendants filed their amended motion (Doc. 22) which is addressed herein. Defendants' initial motion to stay (Doc. 10) is therefore rendered moot.

[2] The facts in this section are taken from the parties' pleadings and briefs and should not be construed as judicial findings or factual determinations.

summarized, plaintiffs claim that the PHMSA, through its agents Terry Pollard, Theodore Turner, III and Edward Rastetter, initiated a series of unjustified and financially devastating investigations of GWE's business operations.  Plaintiffs believe the investigations occurred in retaliation for GWE's open criticism of PHMSA's permitting process.  Under the Federal Tort Claims Act ("FTCA")[3] plaintiffs assert state law claims of entrapment, negligence, abuse of process, malicious prosecution, intentional and negligent infliction of emotional distress, and unlawful search.  Plaintiffs also make *Bivens*[4] claims against the individual defendants for violations of the First, Fourth, Fifth and Fourteenth Amendments.  Defendants deny any improper investigation of GWE and contend that this lawsuit was filed only because plaintiffs disagree with the penalties imposed against them for transporting unapproved fireworks.

## Defendants' Motion to Stay Discovery (Doc. 22)

The combined defendants have filed a motion (Doc. 20) seeking dismissal based on "numerous and substantial deficits in plaintiff's claims" including, in part, that the claims are barred by sovereign immunity.[5]  Defendants now request a stay of discovery pending resolution of the fully-dispositive motion.  Plaintiff opposes a stay, arguing that stays are rarely granted in this district and defendants would not be unduly prejudiced by proceeding while the motion to dismiss is pending.

---

[3] 28 U.S.C. § 2671, 2680(h).
[4] *See Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971) (recognizing a cause of action for damages against federal agents acting under their authority who allegedly violated plaintiff's Fourth Amendment rights) (cited by *Springer v. Albin*, 398 F. App'x 427, 429 (10th Cir. 2010)).
[5] *See* Defs.' Mem. Supp., Doc. 21.

Alternatively, defendants contend that the case should be stayed because the matter is likely to be concluded as a result of the pending dispositive motion, which plaintiff disputes. At this juncture, the court declines to express any opinion concerning the merits of the parties' claims or defenses because they are matters to be determined by the assigned district judge. But more importantly in this matter, where immunity is at issue, plaintiff fails to address why the court should not follow its precedent to stay discovery.

A decision on whether to stay discovery rests in the sound discretion of the court.[6] Although the general policy of this district is to proceed with discovery despite pending dispositive motions,[7] there are recognized exceptions to this general rule. Most notable is the well-established exception when the party requesting stay has asserted absolute or qualified immunity through a dispositive motion.[8] A line of cases from both the United States Supreme Court and the Tenth Circuit Court of Appeals validates this exception.[9] As stated by the Tenth Circuit in *Workman v. Jordan*, "[d]iscovery should not be allowed

---

[6] *See Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990); *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. 202*, 2006 WL 681124, at *1 (D. Kan. March 14, 2006).

[7] *Kutilek*, 132 F.R.D. at 297.

[8] *See, e.g.*, *Pfuetze v. Kansas*, 2010 WL 3718836, at *1 (D. Kan. Sept. 14, 2010); *Wedel v. Craig*, 2010 WL 2545974 (D. Kan., June 22, 2010); *Rubio* at *1.

[9] *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (noting that a plaintiff "is not entitled to discovery . . . " against government officials raising immunity defenses); *Behrens v. Pelletier*, 516 U.S. 299, 305-07 (1996) (holding that immunity is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the . . . immunity question"); *Siegert v. Gilley,* 500 U.S. 226, 231–33 (1991) (noting, "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *Brush v. Rinne*, 1995 WL 638215, at *1 (10th Cir. 1995); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (holding that when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved).

3

until the court resolves the threshold question" of immunity.[10]

Therefore, when immunity is asserted by dispositive motion, a stay of discovery is appropriate pending a ruling on the immunity issue.  Here, discovery has not commenced and a Fed.R.Civ.P. 16(b) scheduling conference has not been held.  Applying these standards, the court finds a stay of all proceedings in this matter is legally appropriate and economical in terms of time and effort for the court, counsel, and the litigants.

**IT IS THEREFORE ORDERED** that defendants' amended motion to stay discovery **(Doc. 22)** is **GRANTED.** All discovery and scheduling deadlines are therefore stayed pending further order of the court.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of December, 2014.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[10] *Workman*, 958 F.2d at 336.